Dear Mr. Comeaux,
You have requested an opinion of this office regarding the effect of a tax sale on a prior homestead exemption.
Under the law prior to January 1, 2009, when property which had previously qualified for a homestead exemption was sold at a tax sale or adjudicated to the parish, it no longer qualified for any homestead exemption. La. Atty. Gen. Op. Nos. 05-0436, 04-0211; see also former La.R.S. 47:2184, which provided:
The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity to satisfy the aggregate of all taxes, interest, penalties, and costs.
Acts 2008, No. 819 repealed La.R.S. 47:2184, which made it clear that a tax sale conveyed the property at issue, even if it might still be subject to a right of redemption. La.R.S. 47:2121 sets forth a different scheme with a new category of "tax sale title." It defines the effect of a tax sale as follows:
B. Effect of tax sale on property interest. No tax sale shall transfer or terminate the property interest of any person in tax sale property or adjudicated property until that person has been duly notified and both the redemptive period and any right held by that person to assert a payment or redemption nullity under R.S. 47:2286 have terminated.
C. Tax sale title. (1) A tax sale confers on the tax sale purchaser, or on the political subdivision to which the tax sale property is adjudicated, only tax sale title. If the tax sale property is not *Page 2 
redeemed within the redemptive period, then at the termination of the redemptive period, tax sale title transfers to its holder ownership of the tax sale property, free of the ownership and other interests, claims, or encumbrances held by all duly notified persons. Tax sale title is fully transferable and heritable, but any successor of a tax sale title takes it subject to any existing right to redeem the property, or to assert a nullity, to the extent and for the period of time that the right would have existed in the absence of the transfer or succession.
As you can see, La.R.S. 47:2121(B) requires that the tax debtor must be duly notified and the redemptive period and/or any right to assert a payment of redemption must have passed before ownership of the tax sale property is transferred. Until then, the tax sale purchaser receives only tax sale title, which does not transfer or terminate the tax debtor's property interest.
In light of these changes to the law, you have asked the following:
1. Is the homestead exemption lost when a 100% interest in the property is sold at a tax sale?
In order to qualify for the homestead exemption, one must own and occupy the homestead as his/her primary residence prior to December 31st of the tax year in which the exemption is claimed. La.Const. art. VII, Sec. 20; La.R.S. 47:1703. If, at a tax sale, the tax sale purchaser purchases 100% of the tax sale title (i.e., he pays 100% of the taxes owed on the property), then from the date the tax sale purchaser files the tax sale certificate, all taxes on the property shall, from that date forward, be assessed to and paid by the tax sale purchaser until the property, or any part, is redeemed. La.R.S. 47:2161. The tax debtor has three years to redeem his property by "paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption." La.Const. art. VII, Sec. 25(B). If he does, the tax sale purchaser's name will be removed from the tax rolls and the tax sale purchaser's name will be returned to the rolls.
During the three year period that tax sale title is held by the tax sale purchaser (before the tax debtor redeems his property), the tax debtor's entitlement to the homestead exemption would cease because he would no longer be listed as the owner of record on the tax rolls. La.R.S. 47:2161. However, the tax sale purchaser would not be entitled to receive the homestead exemption either as he would not meet the requirements to qualify for the exemption set forth in La.R.S. 47:1703 (because tax sale title does not transfer ownership and because the tax sale purchaser would not permanently reside at the homestead). *Page 3 
Thus, the answer to your first question is `yes,' the homestead exemption that the tax debtor had previously qualified for is lost when 100% interest in tax sale title is sold at a tax sale.
2. Is the homestead exemption lost when a lesser interest is sold at a tax sale? If so, is the loss only a partial loss of the exemption under La.Const. art. VII, Sec. 20(A)(6)?
La.Const. art. VII, Sec. 20(A)(6) permits the homestead exemption to be applied to property owned in indivision and states that the homestead exemption "shall be limited to the pro rata ownership interest of that person or persons occupying the homestead." This constitutional provision is inapplicable to the situation you describe in your question because when a tax sale purchaser purchases tax sale title (whether 100% or less), he does not become an owner in indivision with the tax sale debtor because tax sale title does not convey ownership. La.R.S. 47:2121. The constitutional provision is also inapplicable because purchasing tax sale title (whether 100% or less) does not give the tax sale purchaser the right to occupy the homestead and La.Const. art. VII, Sec. 20(A)(6) only applies to owners in indivision "occupying the homestead."[1]
As your question suggests, it is possible for a tax sale purchaser to buy less than 100% of the tax sale title at a tax sale.See La.Const. art. VII, Sec. 25(A)(1); La.R.S. 47:2153(5). The tax sale certificate will state the percentage of tax sale title purchased at the tax sale. La.R.S. 47:2155. It is our understanding from speaking with several parish assessors that when this happens, assessors in different parishes handle the situation in one of two ways. Some assessors allow the tax debtor and tax sale purchaser to both be placed on the tax rolls for the following tax year and send bills to each of them according to their interest in the property (for example, if the tax sale purchaser bought 40% of tax sale title, he would receive a tax bill for that 40% and the tax debtor would be billed for the remaining 60%). Other assessors remove the tax debtor's name from the rolls altogether and replace it with the tax sale purchaser's name.
Unfortunately, the law is unclear on how assessors should prepare the tax rolls for the following tax year when a tax sale purchaser buys less that 100% of the tax sale title. On one hand, La.R.S. 47:2161 provides that "[f]rom the date of filing a tax certificate selling tax sale title to a tax sale purchaserall taxes on the *Page 4 
property shall, after that date, be assessed to and paid by the tax sale purchaser [. . .] (emphasis added). However, there is no authority to allow an assessor to charge someone who does not have 100% tax sale title taxes for the full 100%.
On the other hand, La.R.S. 47:2121(B) provides that "no tax sale shall transfer or terminate the property interest of any person in tax sale property or adjudicated property until that person has been duly notified and both the redemptive period and any right held by that person to assert a payment or redemption nullity under R.S. 47:2286 have terminated." Arguably, if a tax sale purchaser only buys 40% of the tax sale title, the tax debtor is left with the remaining 60% and since he remains owner of the property and presumably still occupies the homestead as his primary residence, he may still be entitled to claim the homestead exemption, but only to the extent that it is reduced to correspond with the percentage of taxes for which he is liable.
Accordingly, we cannot offer an opinion as to whether the homestead exemption that the tax debtor previously had is lost or reduced when a tax sale purchaser buys less than 100% tax sale title.
3. Is the homestead exemption lost when the property is adjudicated to the parish under La.R.S. 47:2196, et seq?
If the bid to be accepted at a tax sale is not at least equal to the statutory impositions, costs, and interest, "the tax collector shall bid in tax sale title to the property for the political subdivision." La.R.S. 47:2196(A). Property adjudicated to a political subdivision shall remain assessed in the name of the tax debtor, and if transferred, the new or current owner. La.R.S. 47:1955; 47:2197. As to political subdivisions, no liability results solely from the adjudication at the tax sale. Id. The tax debtor continues to be the party responsible for the payment of taxes on the property.[2] Because he remains on the tax rolls and also remains the owner/occupier of the homestead, the homestead exemption is not lost when property is adjudicated to the parish under La.R.S. 47:2196 until the political subdivision obtains ownership of the property as set forth in La.R.S. 47:2234, et seq. *Page 5 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] If, however, the tax sale purchaser was already an owner or co-owner, the purchase of tax sale title to property at a tax sale by an owner or co-owner of the property shall be deemed a redemption. La.R.S. 47:2163. In this case, the homestead exemption would not be lost or reduced.
[2] The property would, however, be listed and assessed separately from all other property and designated on the tax rolls as adjudicated to the municipality. La. Atty. Gen. Op. No. 92-396.